Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: January 19, 2023*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MONEYLINE ANALYTICS, LLC,<br><br>Debtor. | Case No. BK-S-21-12443-NMC<br>Chapter 7 |
| SHELLEY D. KROHN, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br>LEO J. TERRELL, an Individual; DOE Individuals 1-10; and ROE corporations 1-10,<br><br>Defendants. | Adv. Proc. No. _____<br><br>**COMPLAINT FOR: (1) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b) AND NRS CHAPTER 112.180(1)(a); (2) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b) AND NRS CHAPTER 112.180(1)(b); (3) AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548; AND (4) RECOVERY OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 US.C. § 550.**<br><br>Judge: Honorable Natalie M. Cox |

Shelley D. Krohn (alternatively, the "Plaintiff" or "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, by and through her counsel, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd., complains and alleges the following on information and belief against Leo J. Terrell (the "Defendant"):

. . .

. . .

. . .

-1-

## I.  JURISDICTIONAL ALLEGATIONS

1. This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.[1]

2. This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court (the "Bankruptcy Case"). This Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C § 1334 and because the issues raised in the action arise under Sections 547 and 550 of the Bankruptcy Code and relate to the Bankruptcy Case.

3. Venue is proper under 28 U.S.C. § 1409.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O). If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final orders or judgments by the bankruptcy judge.

## II.  PARTIES

5. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 4 of the Complaint as though full set forth herein.

6. On May 13, 2021, Plaintiff was appointed as the Chapter 7 Trustee in the bankruptcy case filed by Moneyline Analytics, LLC (the "Debtor") and has served in that capacity since her appointment.

7. Upon information and belief, Defendant is a resident of Los Angeles, California who conducted business with the Debtor.

8. The true names, identities, or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff. Plaintiff therefore sues and Doe and Roe Defendants by fictitious names. Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

manner for the acts, actions and omissions herein referred to; each of the Doe and Roe Defendants has proximately caused general and special damages to Plaintiff as herein alleged; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of any said Doe and Roe Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations.

### III.    GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10. Upon information and belief, the Debtor was a business established ostensibly for the purpose of placing sports wagers on behalf of investors.

11. Upon information and belief, funds invested in the Debtor were utilized to pay the personal expenses of the Debtor's principal, Matthew Turnipseede ("Turnipseede"), or were lost in gambling wagers.

12. Upon information and belief, although the Debtor was losing money, investors were led to believe the Debtor was successful in its wagers.

13. Upon information and belief, the funds of new investors were utilized to pay prior investors who requested distributions of their capital contribution and/or their fictitious profits.

14. Upon information and belief, the Debtor was run as a Ponzi scheme and was perpetually insolvent, relying on new investors to cover its losses.

15. Upon information and belief, on or about May 29, 2019, the Defendant received a transfer in the amount of $42,000 from the Debtor (the "Transfer").

16. Upon information and belief, the Transfer was made in furtherance of the Debtor's Ponzi scheme.

17. On May 13, 2021 (the "Petition Date"), the Debtor filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[2]

. . .

---

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

18. On May 13, 2021, Plaintiff was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 3].

19. On July 2, 2021, Plaintiff issued a Subpoena to the custodian of records for Wells Fargo Bank, N.A. (the "Wells Fargo Subpoena").

20. On December 1, 2021, Plaintiff issued a Subpoena (the "LaDuca Subpoena") to creditor Charles LaDuca ("LaDuca"), which sought records of the Debtor and Turnipseede that were obtained by LaDuca. The requested records included records of accountants, lawyers, and the casinos at which Turnipseede allegedly placed wagers on behalf of the Debtor.

21. Based on the records provided pursuant to the Wells Fargo Subpoena, the LaDuca Subpoena, and by the Debtor, Plaintiff has concluded that the Debtor was operating as a Ponzi scheme.

22. Specifically, based on the records obtained by the Plaintiff, the gambling records provided do not support the gains the Debtor reported to its investors, and show that the Debtor was on aggregate, losing money on its wagers.

23. Based upon bank statements and the Debtors own internal documents, the Debtor's liabilities exceeded its assets at the time of the Transfer.

24. Based on the Debtor's financial statements, the Debtor owed its investors a total of over $5,000,000. At the time of the Transfer, the Debtor did not have $5,000,000, and in fact had significantly less than that sum.

25. Consequently, the Debtor was insolvent on the date that the Transfer was made or was rendered insolvent as a result of the Transfer.

26. Despite the Debtor's extensive losses and indisputable insolvency, the Debtor, through Turnipseede, continued to represent to its investors that it was realizing "double digit returns."

27. On or about July 1, 2022, the Plaintiff issued a *Notice of Subpoena pursuant to Federal Rule of Bankruptcy Procedure 9016, Federal Rule of Civil Procedure 45, and Local Rule 9016(b) on Leo J. Terrell* (the "Terrell Subpoena") which required the Defendant to produce records related to the Transfer.

-4-

28. Upon information and belief, Defendant is an attorney licensed to practice law in the state of California.

29. Upon information and belief, the Terrell Subpoena was served on the Defendant at the address provided by the Defendant to the State Bar of California.

30. Upon information and belief, no response was received by the Defendant to the Terrell Subpoena.

31. Upon information and belief, on or about August 10, 2022, Turnipseede was indicted by a federal grand jury in the Northern District of Ohio in connection with his operation of the Debtor and other enterprises.

32. Upon information and belief, the indictment of Turnipseede (the "Indictment") alleges that Turnipseede operated the Debtor and other companies as ponzi schemes and charges Turnipseede with various counts of wire fraud and mail fraud.

33. Upon information and belief, at all times material hereto, there was and is at least one or more creditors who held and who hold unsecured claims against the Debtor (each as a "Predicate Creditor").

**Creditor(s) of the Debtor:**

| Creditor | Scheduled as Undisputed by Debtor | Proof of Claim No. | Amount |
|---|---|---|---|
| Billigmeier, Eric | Y | 52-1 | $31,977.00 |
| Cannon, Kathleen | Y | 14-1 | $22,107.00 |

34. Multiple badges of fraud are present with respect to the Transfer to Defendant, including the following:

    a. The Debtor was insolvent at the time of the Transfer;

    b. The Debtor had incurred and was continuing to incur, substantial debt at the time it made the Transfer to Defendant;

    c. The Debtor, through its principal, Turnipseede, made false statements and falsified financial statements to cover up its fraudulent actions;

. . .

      d.      The Debtor made the Transfer described herein for less than reasonably equivalent value as the Transfer was made to perpetuate the Debtor's fraudulent Ponzi Scheme;

35. The Debtor was aware of its investors' claims against the company and that the Debtor was incapable of paying those claims.

### IV.    FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(a) Against Defendant)**

36. Plaintiff incorporates and realleges paragraphs 1 through 35, as though fully set forth herein.

37. The Transfer constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

38. At the time of the filing of the Debtor's bankruptcy petition, the Predicate Creditor(s) held an allowable unsecured claim under 11 U.S.C. § 502.

39. The Transfer constitutes a transfer of property by the Debtor or obligations incurred by the Debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

40. The Transfer was made with actual intent to hinder, delay, or defraud creditors of the Debtor.

41. This claim is being made within four years of the date the Transfer was made.

42. The Transfer is avoidable pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(a).

### V.    SECOND CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(b) against Defendant)**

43. Plaintiff incorporates and realleges paragraphs 1 through 42, as though fully set forth herein.

44. The Transfer constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

. . .

-6-

45. At the time of the filing of the Debtor's bankruptcy petition, the Predicate Creditor(s) held an allowable unsecured claim under 11 U.S.C. § 502.

46. The Transfer constitutes a transfer of property by the Debtor or obligations incurred by the Debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

47. Under applicable Nevada Law, the Transfer constitutes the transfer of interests of the Debtor in property, or an obligation incurred by the Debtor, during the relevant statutory period, and the Debtor made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer and the Debtor was insolvent at that time of the Transfer or the Debtor became insolvent as a result of the Transfer.

48. Plaintiff is entitled to avoid and recover for the bankruptcy estate the Transfer as would a hypothetical lien creditor pursuant to the bankruptcy code.

49. The Transfer is avoidable and can be recovered by Plaintiff pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.

50. It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

### VI. THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548 Against Defendant)**

51. Plaintiff incorporates and realleges paragraphs 1 through 50, as though fully set forth herein.

52. The Transfer constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

53. The Transfer was made in furtherance of a Ponzi scheme and therefore was made for the purpose of hindering, delaying, or defrauding the Debtor's creditors.

54. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Transfer because Debtor was not obligated to make the Transfer or otherwise received no benefit or less than a reasonably equivalent value from Defendant in exchange for the Transfer.

55. The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer.

56. The Transfer was made all or in part within (2) years of the Petition Date.

57. It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

## VII. FOURTH CLAIM FOR RELIEF

**(Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550 Against Defendant)**

58. Plaintiff incorporates and realleges paragraphs 1 through 57, as though fully set forth herein.

59. The Transfer is an avoidable transfer pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 548.

60. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under Section 544 of the Bankruptcy Code, Plaintiff is entitled to recover for the benefit of the estate the property transferred, or the value of the property transferred from the initial transferee of such transfers, or the entity for whose benefit the transfer was made.

61. Defendant was the initial transferee of the Transfer, or in the alternative, Defendant was either the entity for whose benefit the Transfer was made or was the immediate or mediate transferee of the initial transferee receiving the Transfer.

62. To the extent it is determined that Defendant is an immediate or mediate transferee of the Transfer, Defendant did not take for value, in good faith, or without knowledge of the voidability of the Transfer.

63. Plaintiff is entitled to a judgment under 11 U.S.C. § 550(a), recovering the Transfer, or the value thereof, for the benefit of the Debtor's bankruptcy estate. Plaintiff reserves the right to supplement this Complaint to plead additional transfers and claims for relief.

64. Plaintiff reserves the right to supplement this Complaint to plead additional claims for relief.

. . .

. . .

-8-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. With respect to the first claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfer for the benefit of Debtor's bankruptcy estate as a fraudulent transfer pursuant to 11 § 544(b) and N.R.S. Chapter 112.180(1)(a).

2. With respect to the second claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfer for the benefit of Debtor's bankruptcy estate as a fraudulent transfer pursuant to 11 § 544(b) and N.R.S. Chapter 112.180(1)(b).

3. With respect to the third claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfer for the benefit of Debtor's bankruptcy estate as fraudulent transfers pursuant to 11 U.S.C. § 548.

4. With respect to the fourth claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfer for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550.

5. For attorneys' fees and costs of suit in an amount to be determined in this Adversary Proceeding.

6. For such other relief as this Court may deem just and proper.

Dated this 19th day of January, 2023.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Bradley G. Sims*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*