

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
May 24, 2023

Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MONEYLINE ANALYTICS, LLC,<br><br>Debtor. | Case No.  BK-S-21-12443-NMC<br>Chapter 7<br><br>**ORDER GRANTING MOTION TO APPROVE COMPROMISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**<br><br>Date of Hearing:     May 23, 2023<br>Time of Hearing:    2:00 p.m.<br>Place: Courtroom No. 3, Third Floor<br>  Foley Federal Building<br>  300 Las Vegas Blvd., S.<br>  Las Vegas, NV 89101<br><br>Judge: Honorable Natalie M. Cox[1] |

---

[1] In this Order, all references to ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

This matter came before the Court on the *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 189] (the "Motion") filed by Shelley D. Krohn (the "Trustee"), the Chapter 7 Trustee appointed in the above-captioned bankruptcy case, by and through her counsel of record, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd. The Motion sought an order approving a settlement agreement (the "Settlement Agreement") that resolved certain claims for avoidance of transfers from the Debtor to Patrick Harris pursuant to Federal Rule of Bankruptcy Procedure 9019.[2]

No Opposition was filed to the Motion. Bradley G. Sims, Esq. on behalf of the Trustee and no other appearances were noted on the record.

The Court reviewed the Motion, the *Declaration of Shelley D. Krohn In Support of Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 190], the *Notice of Hearing On Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 191], the *Certificate of Service of Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 192], the exhibits attached thereto, and all the pleadings on file herein.

It appearing to the Court that it is in the best interests of the Estate and its creditors to approve the Settlement Agreement and upon consideration of the pleadings and arguments of counsel, and based upon the findings of fact and conclusions of law placed on the record at the hearing and incorporated herein pursuant to Federal Rule of Civil Procedure 52, incorporated by reference by Federal Rules of Bankruptcy Procedure 7052 and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED in its entirety; and

. . .

. . .

. . .

. . .

---

[2] All defined terms in this Order shall have the same meaning ascribed to them in the Motion unless otherwise provided herein.

2. The Settlement Agreement, a copy of which is attached hereto and marked as **Exhibit "1"**, is approved pursuant to Federal Rule of Bankruptcy Procedure 9019 and the provisions thereof are made an order of the Court.

**IT IS SO ORDERED.**

Prepared and submitted by:

**HOUMAND LAW FIRM, LTD.**

By: */s/ Bradley G. Sims*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone: 702/720-3370
Facsimile: 702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

-3-

# LOCAL RULE 9021 CERTIFICATE

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The Court has waived the requirements set forth in Local Rule 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the Motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

Dated this 23rd day of May, 2023.

        HOUMAND LAW FIRM, LTD.

        By: */s/ Bradley G. Sims*
        Jacob L. Houmand, Esq. (NV Bar No. 12781)
        Bradley G. Sims, Esq. (NV Bar No. 11713)
        9205 West Russell Road, Building 3, Suite 240
        Las Vegas, NV 89148
        Telephone:   702/720-3370
        Facsimile:    702/720-3371

        *Counsel for Shelley D. Krohn, Chapter 7 Trustee*

        ###

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

-4-

**EXHIBIT "1"**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement (the "Agreement") is made and entered into effective as of the date it has been signed by all parties (the "Effective Date") by and between Patrick Harris (the "Defendant"), and Shelley D. Krohn (the "Trustee"), the Chapter 7 Trustee appointed for the bankruptcy estate of In re Moneyline Analytics, Inc. (BK-S-21-12443-NMC) (the "Estate"). The Defendant and the Trustee shall collectively be referred to herein as the "Parties," or individually, as a "Party." This Agreement is made with respect to the following facts:

## RECITALS

**WHEREAS**, on May 13, 2021 (the "Petition Date"), Moneyline Analytics, LLC (the "Debtor") filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1][1] in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

**WHEREAS**, on May 13, 2021, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 3].

**WHEREAS**, the Trustee has investigated the Debtor's financial affairs and has discovered that the Defendant received certain transfers (the "Transfers") from the Debtor prior to the Petition Date.

**WHEREAS**, the Trustee believes that there may be a basis to seek avoidance and recovery of the Transfers under applicable state and federal law.

**WHEREAS**, the Defendant disputes the Trustee's contentions.

**WHEREAS**, the Parties mutually desire to enter into this Agreement, and the terms and implications of the Agreement have been openly and mutually negotiated and agreed to as set forth herein.

**WHEREAS**, the terms and conditions have been fully explained to each Party by their respective counsel of choice. The Parties certify that they have been afforded a reasonable opportunity to consider this Agreement, and the Parties have carefully read and fully understand all of the provisions and effects of this Agreement. The Parties acknowledge they have had an opportunity to obtain all relevant information with respect to this Agreement.

**NOW, THEREFORE**, for and in consideration of the mutual covenants, agreements, understandings, undertakings, representations, warranties and promises, and subject to the

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

Initials: *[signature]* SDK    Page 1 of 7    Initials: *PH.*

conditions hereinafter set forth, and intending to be legally bound thereby, the Parties covenant and agree as follows:

## AGREEMENT

1. <u>Settlement Sum.</u> In consideration of the release provided in Sections 2 and the other covenants and agreements made by the Parties in this Agreement, Defendant shall pay the Trustee the sum of $7,500.00 (the "<u>Settlement Sum</u>") according to the terms set forth below:

   a. The Defendant shall pay the Trustee the Settlement Sum no later than 10 calendar days after the entry of an unstayed final order ("<u>Final Order</u>") by the Bankruptcy Court approving of this Agreement pursuant to Federal Rules of Bankruptcy Procedure 9019.

   b. All payments of the Settlement Sum by the Defendant shall be made in lawful money of the United States of America at the Trustee's office, 7469 W. Lake Mead Boulevard Suite 170 Las Vegas, NV 89128 or at such other place as Trustee may from time to time direct by written notice to the Defendant. If any payment becomes due on any day, which is not a business day, such payment shall be made on the next succeeding business day. The term "business day" means Monday through Friday except national (federal) legal holidays.

2. <u>Release by Trustee.</u> The Trustee, on behalf of the Estate and any entity owned or controlled by the Trustee in her capacity as such, whether now or hereafter, hereby fully releases and discharges the Defendant and her past, present and future, agents, managing agents, attorneys, assigns, employees, and all other persons and entities acting by or on her behalf or claiming through them of and from all manner of claims, counter-claims, cross-claims, third-party claims, demands, losses, expenses, damages (whether general, special or punitive), costs and expenses, attorneys' fees, expert/consultant fees (whether incurred prior to or after the execution of this Agreement), arbitration awards, suits, judgments, actions, contractual rights/provisions, orders, defects, action or actions, causes of action, economic and personal/psychological injuries, rights, debts, agreements, promises, liens, indemnities, liabilities of whatever kind and nature, whether known or unknown, suspected or unsuspected, claimed or unclaimed, fixed or contingent, matured or unmatured, liquidated or unliquidated, accrued or un-accrued, existing or potential, whenever and however occurring and whether at law or in equity which each has or might in the without limitation or exception, whether known or unknown, suspected or unsuspected, whether based on fraud, fraudulent transfer, embezzlement, misappropriation of funds, conversion, theft, breach of fiduciary duty, malpractice, tort, violation of law, statute or ordinance, or equitable theory of recovery, or any other theory of liability or declaration of rights whatsoever.

3. <u>Release of Claims Against the Trustee.</u> On behalf of the Defendant and any entity owned or controlled by the Defendant whether now or hereafter, hereby fully and forever completely releases, acquits and discharges the Trustee and her past, present and future, agents, managing agents, attorneys, assigns, employees, and all other persons and entities acting by or on their behalf or claiming through them of and from all manner of claims, counter-claims, cross-claims, third-party claims, demands, losses, expenses, damages (whether general, special or punitive), costs and expenses, attorneys' fees, expert/consultant fees (whether incurred prior to or after the execution of this Agreement), arbitration awards, suits, judgments, actions, contractual rights/provisions, orders, defects, action or actions, causes of action, economic and

Initials: _SDK_    Page 2 of 7    Initials: _PH_

personal/psychological injuries, rights, debts, agreements, promises, liens, indemnities, liabilities of whatever kind and nature, whether known or unknown, suspected or unsuspected, claimed or unclaimed, fixed or contingent, matured or unmatured, liquidated or unliquidated, accrued or un-accrued, existing or potential, whenever and however occurring and whether at law or in equity which each has or might in the without limitation or exception, whether known or unknown, suspected or unsuspected, whether based on fraud, fraudulent transfer, embezzlement, misappropriation of funds, conversion, theft, breach of fiduciary duty, malpractice, tort, violation of law, statute or ordinance, or equitable theory of recovery, or any other theory of liability or declaration of rights whatsoever, which the Defendant has as of the execution of this Agreement or acquires from any third-parties after the execution of this Agreement. The release provided by the Defendant in this section shall prohibit the Defendant from filing any proof of claim in the Debtor's bankruptcy case including, but not limited to, a proof of claim pursuant to 11 U.S.C. § 502(h).

4. <u>Reservation of Rights.</u> Notwithstanding anything to the contrary contained in this Agreement, the Parties expressly reserve unto themselves any claims or causes of action, whether at law or in equity, arising out of the non-performance of this Agreement by a Party.

5. <u>Approval of Agreement by Bankruptcy Court.</u> This Agreement is contingent on bankruptcy court approval pursuant to Federal Rule of Bankruptcy Procedure 9019. The Trustee shall take all necessary and appropriate action to prepare and file a motion for the approval of the settlement as documented by this Agreement by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019, at no expense to Defendant. The Trustee shall use her best efforts to obtain approval of the motion including, without limitation, defending it against any objections. Any order issued by the Bankruptcy Court granting the motion shall incorporate this Agreement as part of its terms.

6. <u>Entire Agreement.</u> This Agreement constitutes the entire agreement of the Parties and supersedes all prior agreements, statements and representations with respect to the matters resolved herein.

7. <u>Successors Bound.</u> This Agreement is binding upon and inures to the benefit of the heirs, successors and assigns of the Parties.

8. <u>Governing Law.</u> This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada and the United States Bankruptcy Code.

9. <u>Bankruptcy Court Jurisdiction.</u> In the event of a dispute concerning this Agreement the Parties agree and consent to the jurisdiction of the Bankruptcy Court to hear any such dispute and to grant any other or further relief necessary or appropriate in aid of the execution or otherwise to give effect to the provisions of this Agreement, including (without limitation) under Rule 70 of the Federal Rules of Civil Procedure and Rule 7070 of the Federal Rules of Bankruptcy Procedure.

10. <u>Independent Counsel.</u> The Parties represent and warrant that they have been advised that they should be represented by counsel of their own choosing in the preparation and

Initials: *[signature]* SDK                Page 3 of 7                Initials: *PH* PH

analysis of this Agreement, that they have been represented by their own independent counsel and that they have read this Agreement and believe that they are fully aware of and understand the contents hereof and its legal effect. The Parties further represent and warrant that they have entered into this Agreement voluntarily and with the approval and advice of their counsel.

11. <u>Countersigned And Faxed Signatures.</u> It is understood and agreed that signatures or copies sent by facsimile transmission or countersigned documents are fully enforceable as originals signed by the Parties.

12. <u>Attorney's Fees.</u> In the event of any litigation among the Parties, including any appeals, in connection with or arising out of this Agreement, the prevailing Party shall recover all of its costs and expenses, including experts' fees, and attorneys' fees actually incurred, which shall be determined and fixed by the court as part of the judgment. The Parties covenant and agree that they intend by this section for the prevailing Party to recover for all attorneys' fees actually incurred by the prevailing Party at the attorneys' then existing normal hourly rate and that this section shall constitute a request to the court that such rate or rates be deemed reasonable.

13. <u>Representations and Warranties.</u> Each Party hereby represents and warrants to the other Parties as follows, which shall be true and accurate as of the Effective Date:

a. The execution and delivery of this Agreement and consummation of the transactions contemplated hereby have been duly authorized by all necessary action on the part of the Party and no other proceedings on the part of the Party are necessary to authorize this Agreement or any of the transactions contemplated hereby.

b. This Agreement has been duly executed and delivered by the Party and constitutes a legal, valid and binding obligation of the Party and, assuming this Agreement constitutes a legal, valid and binding obligation of the other Parties, is enforceable against the Party in accordance with its terms.

c. The execution and delivery of this Agreement does not, and the performance of this Agreement will not: (i) violate the constituent documents of the Party, if any; (ii) conflict with or violate any law, rule, regulation, order, judgment or decree applicable to the Party or by which the Party and its assets are bound or affected; or (iii) result in any material breach of or constitute a material default (or an event that with notice or lapse of time or both would become a material default) under, or impair the rights of the Party or alter the rights or obligations of any third party under, or give to others any rights of termination, amendment, acceleration or cancellation of, or result in the creation of a material encumbrance on any of the material properties or assets of the Party pursuant to, any note, bond, mortgage, indenture, contract, agreement, lease, license, permit, franchise, concession, or other instrument or obligation to which the Party is a party or by which the Party or its assets are bound or affected.

d. The claims and causes of action released pursuant to this Agreement have not previously been assigned in whole or in part.

14. <u>Time of the Essence.</u> Time is of the essence of this Agreement, and in all the terms, provisions, covenants and conditions hereof.

Initials: *SDK*        Page 4 of 7        Initials: *PH*

15. <u>Severability.</u> Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance or regulation, the latter shall prevail, but the provision of this Agreement which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the statute, law, ordinance or regulation.

16. <u>Further Assurances.</u> Each of the Parties shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder to carry out the intent of the Parties.

17. <u>Modifications or Amendments.</u> No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the Parties.

18. <u>Non-Waiver.</u> No waiver by any Party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

19. <u>Counterparts.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

20. <u>Number and Gender.</u> In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

21. <u>Captions and Headings.</u> The captions and headings appearing at the commencement of the sections hereof are descriptive only and for convenience in reference.

22. <u>Costs and Expenses.</u> Each of the Parties shall pay all of its own costs and expenses in connection with the Action, including, but not limited to, legal fees, accounting fees, and any other costs and expenses incurred or to be incurred by it or them in negotiating and preparing this Agreement. Nothing in this section is meant to alter or otherwise diminish a Party's ability to recover attorneys' fees and costs incurred in enforcing the terms of this Agreement as set forth in Section 12.

23. <u>Parties in Interest.</u> Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any persons or entities other than the Parties and their respective successors and assigns, nor is anything in this Agreement except as provided herein intended to relieve or discharge the obligation or liability of any third parties to any Party to this Agreement, nor shall any provision give any third parties any right of subrogation or action over or against any Party to this Agreement.

24. <u>Notices.</u> Any and all notices and demands by any Party to any other Party, required or desired to be given hereunder shall be in writing and shall be validly given only if

Initials: 
SDK

Page 5 of 7

Initials: *PH*
PH

deposited in the United States mail, certified or registered, postage prepaid, return receipt requested, or if made by Federal Express or other delivery service which keeps records of deliveries and attempted deliveries, or if made by facsimile machine with electronic confirmation of receipt (receipt of which is acknowledged or if a copy thereof is promptly delivered by a delivery service which keeps records of deliveries and attempted deliveries). Service shall be conclusively deemed made on the first business day delivery is attempted, and addressed as follows:

    *To Trustee:*    Shelley D. Krohn, Chapter 7 Trustee
    c/o Jacob L. Houmand, Esq.
    Bradley G. Sims, Esq.
    Houmand Law Firm, Ltd.
    9205 West Russell Road, Building 3
    Suite 240
    Las Vegas, NV 89148
    Facsimile: 702.320.3371

    *To the Defendant:*    Patrick Harris
    c/o Jason Imes
    Fox, Imes & Crosby LLC
    601 S. 10th Street, Suite 202
    Las Vegas, Nevada 89101
    Facsimile: 702.382.1921

Any Party may change its address for the purpose of receiving notices or demands as herein provided by a written notice given in the manner aforesaid to the other Parties, which notice of change of address shall not become effective, however, until the actual receipt thereof by the other Parties.

    25.    <u>No Admission.</u> Each of the Parties hereto acknowledges and agrees that the terms of this Agreement are contractual and that the agreements herein contained and the consideration given hereunder is to compromise and settle the Trustee Claims and to avoid litigation. Accordingly, the Parties hereto acknowledge and agree that no statement made herein or payment, release, or other consideration given hereunder shall be construed as an admission by any Party of any kind or nature whatsoever.

*[Remainder of Page Is Left Intentionally Blank]*

Initials: *[signature]* SDK      Page 6 of 7      Initials: *PH* PH

26. <u>Interpretation.</u> This Agreement is the result of negotiations among the Parties who have each negotiated and reviewed its terms. No Party shall be deemed to be the drafter for purposes of interpreting any ambiguity or uncertainty in this Agreement against that Party.

Executed this 11th day of April, 2023.        Executed this 17th day of April, 2023.

*/s/ Shelley D. Krohn*                             */s/ Patrick Harris*

**Shelley D. Krohn, Chapter 7 Trustee for**        **Patrick Harris**
**the Bankruptcy Estate of In Re Moneyline**
**Analytics, Inc. (BK-S-21-12443-NMC)**