Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: July 28, 2023*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MONEYLINE ANALYTICS, LLC,<br><br>    Debtor. | Case No.  BK-S-21-12443-NMC<br>Chapter 7 |
| SHELLEY D. KROHN, Chapter 7 Trustee,<br><br>    Plaintiff,<br>v.<br><br>VITHAL KUSUMA, an Individual; DOE Individuals 1-10; and ROE corporations 1-10,<br><br>    Defendants. | Adv. Proc. No. BK-S-22-01150-NMC<br><br>**FIRST AMENDED COMPLAINT FOR: (1) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(B) AND NRS CHAPTER 112.180(1)(A); (2) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C § 544(B) AND NRS CHAPTER 112.180(1)(B); (3) AVOIDANCE OF THE GUARANTEE PURSUANT TO 11 U.S.C. § 544(A); (4) AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547; (5) AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548; (6) RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550; (7) RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 550  AND (8) DECLARATORY RELIEF PURSUANT TO N.R.S. §§ 30.010-160 AND N.R.S. § 86.343**<br><br>Judge:  Honorable Natalie M. Cox |

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

Shelley D. Krohn (alternatively, the "Plaintiff" or "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case and plaintiff in the above-captioned adversary

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1 proceeding, by and through her counsel, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of

2 the Houmand Law Firm, Ltd., complains and alleges the following on information and belief

3 against Vithal Kusuma (the "<u>Defendant</u>")[1]:

### I.    JURISDICTIONAL ALLEGATIONS

4

5    1.    This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy

6 Procedure 7001.[2]

7    2.    This adversary proceeding arises out of and is related to the above-captioned

8 Chapter 7 case before the United States Bankruptcy Court (the "<u>Bankruptcy Case</u>"). This Court

9 has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C § 1334 and because the

10 issues raised in the action arise under Sections 547 and 550 of the Bankruptcy Code and relate to

11 the Bankruptcy Case.

12    3.    Venue is proper under 28 U.S.C. § 1409.

13    4.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

14 If this adversary proceeding is determined to be "noncore," Plaintiff consents to the entry of final

15 orders or judgments by the bankruptcy judge.

### II.    PARTIES

16

17    5.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation

18 contained in paragraphs 1 through 4 of the Complaint as though full set forth herein.

19    6.    On May 13, 2021, Plaintiff was appointed as the Chapter 7 Trustee in the

20 bankruptcy case filed by Moneyline Analytics, LLC (the "<u>Debtor</u>") and has served in that

21 capacity since her appointment.

22 . . .

23

24 [1] Plaintiff is filing this amended complaint pursuant to Federal Rule of Civil Procedure 15(a),
incorporated to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, as the
25 Defendant has not filed an answer to Plaintiff's original complaint.

26 [2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11
U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The
27 Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of
Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United
28 States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.    Upon information and belief, Defendant is a resident of Henry County, Georgia who conducted business with the Debtor.

8.    The true names, identities, or capacities, whether individual, corporate, political, associate or otherwise of any Doe and Roe Defendants are unknown to Plaintiff. Plaintiff therefore sues and Doe and Roe Defendants by fictitious names. Plaintiff is informed and does believe, and thereupon alleges, that: each of the Doe and Roe Defendants is responsible in some manner for the acts, actions and omissions herein referred to; each of the Doe and Roe Defendants has proximately caused general and special damages to Plaintiff as herein alleged; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of any said Doe and Roe Defendants when the same have been ascertained by Plaintiff, together with appropriate charging allegations.

### III.    GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.    Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10.    Upon information and belief, the Debtor was a business established ostensibly for the purpose of placing sports wagers on behalf of investors.

11.    Upon information and belief, persons investing in the Debtor were given a proportionate membership in the Debtor.

12.    Upon information and belief, funds invested in the Debtor were diverted and utilized to pay the personal expenses of the Debtor's manager, Matthew Turnipseede ("Turnipseede"), or were lost in gambling wagers.

13.    Although the Debtor was losing money, investors were led to believe the Debtor was successful in its wagers.

14.    Because the Debtor was losing money on its wagers, and funds were diverted to pay the personal expenses of Turnipseede, the assets of the Debtor perpetually exceeded the Debtor's liabilities, such that the Debtor was insolvent at all times.

15.    The funds of new investors were utilized to pay prior investors who requested distributions of their capital contribution and/or their fictitious profits.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

16.     As a result, the Debtor was run as a Ponzi scheme and was perpetually insolvent, relying on new investors to cover its losses.

17.     Upon information and belief, the Defendant issued several "loans" to Turnipseede in his personal capacity (the "Turnipseede Loans").

18.     The Turnipseede Loans were guaranteed by the Debtor.

19.     Upon information and belief, Defendant characterized various transfers to Turnipseede as "loans" because he had sought the opinion of legal counsel who had advised that the Debtor might not be a legitimate business enterprise.

20.     Upon information and belief, the opinion that the Debtor may not be legitimate was based upon records which Turnipseede provided to the Defendant, and which he then provided to his legal counsel.

21.     On August 9, 2018, Turnipseede and his wife, Sonya Turnipseede ("Sonya") executed a "TURNIPSEEDE DEMAND FIVE YEAR PROMISSORY NOTE" (the "First Note") in which the Defendant agreed to provide Turnipseede and Sonya $350,000.00 at a twenty percent (20%) annual interest rate.

22.     Upon information and belief, the First Note was guaranteed by the Debtor (the "Guarantee"), even though the loan was made to Turnipseede and Sonya in their personal capacities.

23.     Upon information and belief, the Debtor was provided no consideration in exchange for guaranteeing the First Note.

24.     On December 12, 2018, Turnipseede executed a "Demand Promissory Note" (the "Second Note") in which the Defendant agreed to provide Turnipseede $250,000 at a twelve percent (12%) annual interest rate.

25.     On February 1, 2019, Turnipseede and his wife, Sonya Turnipseede ("Sonya") executed a "Demand Promissory Note" (the "Third Note") in which the Defendant agreed to provide Turnipseede and Sonya $850,333.00 at a twenty percent (20%) annual interest rate.

. . .

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

26. On July 1, 2019, Turnipseede executed another "TURNIPSEEDE DEMAND FIVE YEAR PROMISSORY NOTE" (the "Fourth Note") in which the Defendant agreed to provide Turnipseede and Sonya $104,241.00 at a five percent (5%) quarterly interest rate.

27. Upon information and belief, the Turnipseede Loans were utilized to pay the personal expenses of Turnipseede, and to cover up Turnipseede's fraud. The Turnipseede Loans provided no benefit to the Debtor.

28. Although the Defendant's wife ("Shyamala"), and various corporate entities purportedly controlled by the Defendant provided hundreds of thousands of dollars to Turnipseede in the form of loans, the Defendant only appears to have made a single investment directly in the Debtor.

29. On or about April 5, 2019, the Defendant provided the Debtor a cashier's check in the amount of $100,000.00.

30. Despite having provided almost no funds directly to the Debtor, the Defendant received substantial transfers the Debtor.

31. Pursuant to the K1 issued to the Defendant by the Debtor for the year of 2018, the Defendant received transfers from the Debtor totaling $36,000.00 (the "2018 Transfers").

32. Pursuant to the K1 issued to the Defendant by the Debtor for the year of 2019, the Defendant received transfers from the Debtor totaling $550,000.00 (the "2019 Transfers").

33. On July 1, 2020, the Debtor issued a check to the Defendant in his individual capacity in the amount of $200,000.00 (the "2020 Transfer").

34. The Defendant was also the subsequent transferee of funds which, upon information and belief, were embezzled by Turnipseede from the Debtor.

35. On or about July 10, 2018, Turnipseede received a transfer of $225,000.00 from the Debtor's Wells Fargo Bank Account ending in 1137 into a Wells Fargo Account ending in 3198 (the "Account"), which was in the name of Matthew Turnipseede individually.

36. On or about September 1, 2018, the Defendant was added to the Account (the "Subsequent Transfer" and together with the 2018 Transfers and the 2019 Transfers, and the 2020 Transfers, the "Transfers").

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

37.    Upon information and belief, at all times relevant, the Defendant was aware the funds in the Account were funds that originated from the Debtor.

38.    After he was added to the Account, the Defendant had the ability to exercise dominion and control over funds in the Account and use such funds for his personal benefit.

39.    On or about July 11, 2019, the Defendant received $74,014.00 from the Account, via check number 9001.

40.    On or about November 18, 2019, the Debtor transferred $23,347.71 to a Penn Mutual Insurance account in the Defendant's name.

41.    On May 13, 2021 (the "Petition Date"), the Debtor filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[3]

42.    On May 13, 2021, Plaintiff was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 3].

43.    On Section 30 of the Debtor's Statement of Financial Affairs, the Defendant is identified as an "insider" of the Debtor and the recipient of a $200,000 transfer within the one-year period preceding the Petition Date.  Upon information and belief, this reference in the Debtor's Statement of Financial Affairs is the 2020 Transfer.

44.    Upon information and belief, the Defendant was an "insider" of the Debtor based on his business relationship with Turnipseede.  Specifically, the Defendant and Turnipseede were members of Fusion Capital, LLC.

45.    On July 2, 2021, Plaintiff issued a Subpoena to the custodian of records for Wells Fargo Bank, N.A. (the "Wells Fargo Subpoena").

46.    On October 1, 2021, the Defendant filed a proof of Claim in the Debtor's Bankruptcy ("Proof of Claim 49-1"). Proof of Claim 49-1 asserts an unsecured debt of $438,027 owed by the Debtor to the Defendant. Per Proof of Claim 49-1, the basis for the debt is a loan. Attached to Proof of Claim 49-1 is a copy of Note 1, and a calculation showing that $300,000 was provided to Turnipseede and Sonya.

---

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

47.     On October 1, 2021, the Defendant filed another proof of Claim in the Debtor's Bankruptcy ("Proof of Claim 52-1"). Proof of Claim 52-1 asserts an unsecured debt of $323,890.00 owed by the Debtor to the Defendant. Per Proof of Claim 52-1, the basis for the debt is a loan. Attached to Proof of Claim 52-1 is a copy of various payments from Shyamala to the Debtor. No loan agreement is attached.

48.     On December 1, 2021, Plaintiff issued a Subpoena (the "LaDuca Subpoena") to creditor Charles LaDuca ("LaDuca"), which sought records of the Debtor and Turnipseede that were obtained by LaDuca. The requested records included records of accountants, lawyers, and the casinos at which Turnipseede allegedly placed wagers on behalf of the Debtor.

49.     Based on the records provided pursuant to the Wells Fargo Subpoena, the LaDuca Subpoena, and by the Debtor, Plaintiff has concluded that the Debtor was operating as a Ponzi scheme.

50.     Specifically, based on the records obtained by the Plaintiff, the gambling records provided do not support the gains the Debtor reported to its investors, and show that the Debtor was on aggregate, losing money on its wagers.

51.     Based upon bank statements and the Debtors own internal documents, the Debtor's liabilities exceeded its assets at the time of the Transfers.

52.     Based on the Debtor's financial statements, the Debtor owed its investors a total of over $5,000,000. At the time of the Transfers, the Debtor did not have $5,000,000, and in fact had significantly less than that sum.

53.     Consequently, the Debtor was insolvent on the date that the Transfers were made or was rendered insolvent as a result of the Transfers.

54.     Despite the Debtor's extensive losses and indisputable insolvency, the Debtor, through Turnipseede, continued to represent to its investors that it was realizing "double digit returns."

55.     Upon information and belief, on or about August 10, 2022, Turnipseede was indicted by a federal grand jury in the Northern District of Ohio in connection with his operation of the Debtor and other enterprises.

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

56.    Upon information and belief, the indictment of Turnipseede (the "Indictment") alleges that Turnipseede operated the Debtor and other companies as ponzi schemes and charges Turnipseede with various counts of wire fraud and mail fraud.

57.    Based on his relationship with Turnipseede, his review of documents, and his preference on providing funds via personal loans to Turnipseede and then having disbursements reported as distributions, the Defendant knew or should have known that the Debtor operated as a Ponzi Scheme.

58.    Upon information and belief, at all times material hereto, there was and is at least one or more creditors who held and who hold unsecured claims against the Debtor (each as a "Predicate Creditor").

**Creditor(s) of the Debtor:**

| Creditor | Scheduled as Undisputed by Debtor | Proof of Claim No. | Amount |
|---|---|---|---|
| Billigmeier, Eric | Y | 52-1 | $31,977.00 |
| Cannon, Kathleen | Y | 14-1 | $22,107.00 |

59.    Multiple badges of fraud are present with respect to the Transfers to Defendant, including the following:

a.    The Debtor was insolvent at the time of the Transfers;

b.    The Debtor had incurred and was continuing to incur, substantial debt at the time it made the Transfers to Defendant;

c.    The Debtor, through its principal, Turnipseede, made false statements and falsified financial statements to cover up its fraudulent actions;

d.    The Debtor made the Transfers described herein for less than reasonably equivalent value as the Transfers was made to satisfy a claim for profits that were fictional and never existed;

e.    The chronology of events and the timing of the Transfers indicate the intent to defraud. The Debtor would use funds recently deposited from new or later investors to pay off exiting obligations owed to prior clients and third parties;

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

60.     The Debtor was aware of its investors' claims against the company and that the Debtor was incapable of paying those claims.

### IV.    FIRST CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(a) Against Defendant)

61.     Plaintiff incorporates and realleges paragraphs 1 through 60, as though fully set forth herein.

62.     The Transfers constitutes transfers within the meaning of 11 U.S.C. § 101(54).

63.     At the time of the filing of the Debtor's bankruptcy petition, the Predicate Creditor(s) held an allowable unsecured claim under 11 U.S.C. § 502.

64.     The Transfers constitute transfers of property by the Debtor or obligations incurred by the Debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

65.     Because the Transfers were made in furtherance of a Ponzi Scheme, the Transfers were made with actual intent to hinder, delay, or defraud creditors of the Debtor.

66.     This claim is being made within four years of the date the Transfers were made.

67.     The Transfers are avoidable pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(a).

### V.    SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(b) against Defendant)

68.     Plaintiff incorporates and realleges paragraphs 1 through 67, as though fully set forth herein.

69.     The Transfers constitute transfers within the meaning of 11 U.S.C. § 101(54).

70.     At the time of the filing of the Debtor's bankruptcy petition, the Predicate Creditor(s) held an allowable unsecured claim under 11 U.S.C. § 502.

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

71.     The Transfers constitute transfers of property by the Debtor or obligations incurred by the Debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

72.     Under applicable Nevada Law, the Transfers constitute the transfer of interests of the Debtor in property, or an obligation incurred by the Debtor, during the relevant statutory period, and the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the Transfers.

73.     Specifically, the Debtor did not receive any reasonable exchange for the Transfers because they were made as repayments of personal loans that were made to Sonya and Turnipseede and not the Debtor.

74.     As stated above, the Debtor was insolvent at the time of the Transfers, because, as a Ponzi Scheme, the Debtor's liabilities always exceeded its assets at any given time, including at the time of the Transfers.

75.     Plaintiff is entitled to avoid and recover for the bankruptcy estate the Transfers as would a hypothetical lien creditor pursuant to the bankruptcy code.

76.     The Transfers are avoidable and can be recovered by Plaintiff pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.

77.     It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

## VI.     THIRD CLAIM FOR RELIEF

### (Avoidance of the Guarantee Pursuant to 11 U.S.C. § 544(a) Against Defendant)

78.     The Trustee incorporates and realleges paragraphs 1 through 77 of the Complaint as though fully set forth herein.

79.     The Guarantee constitutes a transfer within the meaning of 11 U.S.C. § 101(54).

80.     At the time of the filing of the Debtor's bankruptcy petition, the Predicate Creditor(s) held an allowable unsecured claim under 11 U.S.C. § 502.

. . .

-10-

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

81.     Section 544(a)(1) authorizes the avoidance of any transfer of an interest of the debtor in property that is voidable under applicable law by a creditor holding an allowable unsecured claim who obtains a judicial lien, whether or not such creditor exists.

82.     Section 544(a)(2) authorizes the avoidance of any transfer of an interest of the debtor in property that is avoidable by a creditor holding an allowable unsecured claim who obtains an execution against the debtor that is returned unsatisfied as of the petition date, whether or not such a creditor exists.

83.     The Transfers constitute transfers of property by the Debtor or obligations incurred by the Debtor that are voidable by that kind of creditor described in 11 U.S.C. § 544 (a)(1); that kind of creditor described in 11 U.S.C. § 544 (a)(2); or that bona fide purchaser described in 11 U.S.C. § 544 (a)(3).

84.     Under applicable Nevada Law, the Transfers constitute the transfer of interests of the Debtor in property, or an obligation incurred by the Debtor, during the relevant statutory period, and the Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the Transfers and the Debtor was insolvent at that time of the Transfers or the Debtor became insolvent as a result of the Transfers.

85.     Specifically, the Debtor received no reasonably equivalent value in exchange for the Guarantee, as the First Note provided a loan to Turnipseede and Sonya in their individual capacities, and not the Debtor.

86.     As stated above, the Debtor was insolvent at the time of the Guarantee, because, as a Ponzi Scheme, the Debtor's liabilities always exceeded its assets at any given time.

87.     Plaintiff is entitled to avoid and recover for the bankruptcy estate the Guarantee as would a hypothetical lien creditor pursuant to the bankruptcy code.

88.     The Guarantee is avoidable and can be recovered by Plaintiff pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.

89.     It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

## VII.    FOURTH CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547 Against Defendant)

90.    Plaintiff incorporates and realleges paragraphs 1 through 89, as though fully set forth herein.

91.    Defendant was a member of the Debtor and is therefore an insider of the Debtor. The Defendant also had a prior business relationship with Turnipseede through Fusion Capital, LLC.

92.    Within the one-year period preceding the Petition Date, Debtor made or caused to be made the 2020 Transfer to Defendant as payment for the Turnipseede Loans.

93.    The 2020 Transfer was a transfer of an interest in the Debtor's property—namely, money from Debtor's bank accounts.

94.    The 2020 Transfer was to or for the benefit of Defendant.

95.    Defendant was a creditor of the Debtor on the dates the 2020 Transfers were made.

96.    The 2020 Transfer was made for or on account of antecedent debts owed by Debtor to Defendant before such 2020 Transfer was made.

97.    As stated above, the 2020 Transfer were made in satisfaction of an antecedent liability of the Debtor to the Defendant, and the Debtor did not realize a contemporaneous exchange of new value in exchange for the 2020 Transfers.

98.    As stated above, the Debtor was insolvent at the time of the 2020 Transfer, because, as a Ponzi Scheme, the Debtor's liabilities always exceeded its assets at any given time, including at the time of the 2020 Transfers.

99.    The 2020 Transfer enabled the Defendant to recover more than Defendant would have received in: (i) Debtor's Chapter 7 liquidation; (ii) had the 2020 Transfer not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

100.    The 2020 Transfer is a preferential transfer voidable by the Plaintiff pursuant to Section 547(b) of the Bankruptcy Code.

. . .

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

101.    The Trustee has exercised reasonable due diligence and brings this cause of action after extensive review of documents provided by the Debtor and by the Defendant, and after consideration of known or knowable affirmative defenses that may be alleged by the Defendant. Plaintiff does not believe such defenses apply as the 2020 Transfer did not involve a contemporaneous exchange for new value, were not made in the ordinary course of the Debtor's business, did not create a security interest, did not give new value to the Debtor, did not create a perfected security interest in inventory or a receivable, did not fix a statutory lien, was not a bona fide payment of a domestic support obligation, and was not of aggregate value of less than $600.00 in the case of an individual with primarily consumer debts or $5,000.00 in the case of an individual debtor whose debts are not primarily consumer debts.

102.    The 2020 Transfer enabled the Defendant to recover more than Defendant would have received in: (i) Debtor's Chapter 7 liquidation; (ii) had the Transfers not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

103.    The 2020 Transfer is a preferential transfer voidable by the Plaintiff pursuant to Section 547(b) of the Bankruptcy Code.

104.    It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff is entitled to legal fees and costs.

## VIII.    FIFTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548 Against Defendant)**

105.    Plaintiff incorporates and realleges paragraphs 1 through 104, as though fully set forth herein.

106.    The Transfers constitute transfers within the meaning of 11 U.S.C. § 101(54).

107.    The Transfers were made in furtherance of a Ponzi scheme and therefore was made for the purpose of hindering, delaying, or defrauding the Debtor's creditors.

108.    Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Transfers because Debtor was not obligated to make the Transfers or otherwise

-13-

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1    received no benefit or less than a reasonably equivalent value from Defendant in exchange for the

2    Transfers.

3         109.    As stated above, the Debtor was insolvent at the time of the Transfers, because, as

4    a Ponzi Scheme, the Debtor's liabilities always exceeded its assets at any given time, including at

5    the time of the Transfers.

6         110.    The Transfers were made all or in part within (2) years of the Petition Date.

7         111.    It has been necessary for Plaintiff to retain counsel to bring this action and Plaintiff

8    is entitled to legal fees and costs.

9             **IX.    SIXTH CLAIM FOR RELIEF**

10   **(Recovery of Preferential Transfer Pursuant to 11 U.S.C. § 550 Against Defendant)**

11        112.    Plaintiff incorporates and realleges paragraphs 1 through 111, as though fully set

12   forth herein.

13        113.    The 2020 Transfer is an avoidable transfer pursuant to 11 U.S.C. § 547.

14        114.    Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under

15   Section 544 of the Bankruptcy Code, Plaintiff is entitled to recover for the benefit of the estate the

16   property transferred, or the value of the property transferred from the initial transferee of such

17   transfers, or the entity for whose benefit the transfer was made.

18        115.    Defendant was the initial transferee of the 2020 Transfer, or in the alternative,

19   Defendant was either the entity for whose benefit the 2020 Transfer was made or was the

20   immediate or mediate transferee of the initial transferee receiving the 2020 Transfer.

21        116.    To the extent it is determined that Defendant is an immediate or mediate transferee

22   of the 2020 Transfer, Defendant did not take for value, in good faith, or without knowledge of the

23   voidability of the Transfers.

24        117.    Plaintiff is entitled to a judgment under 11 U.S.C. § 550(a), recovering the

25   Transfers, or the value thereof, for the benefit of the Debtor's bankruptcy estate. Plaintiff reserves

26   the right to supplement this Complaint to plead additional transfers and claims for relief.

27   . . .

28   . . .

-14-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

## X.     SEVENTH CLAIM FOR RELIEF

**(Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550 Against Defendant)**

118.     Plaintiff incorporates and realleges paragraphs 1 through 117, as though fully set forth herein.

119.     The Transfers are avoidable transfers pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 548.

120.     Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under Section 544 of the Bankruptcy Code, Plaintiff is entitled to recover for the benefit of the estate the property transferred, or the value of the property transferred from the initial transferee of such transfers, or the entity for whose benefit the transfer was made.

121.     Defendant was the initial transferee of the Transfers, or in the alternative, Defendant was either the entity for whose benefit the Transfers were made or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

122.     To the extent it is determined that Defendant is an immediate or mediate transferee of the Transfers, Defendant did not take for value, in good faith, or without knowledge of the voidability of the Transfers.

123.     Plaintiff is entitled to a judgment under 11 U.S.C. § 550(a), recovering the 2020 Transfers, or the value thereof, for the benefit of the Debtor's bankruptcy estate.

## XI.     EIGHTH CLAIM FOR RELIEF

**(Declaratory Relief Pursuant to N.R.S. §§ 30.010-160 and N.R.S. § 86.343 Against Defendant)**

124.     Plaintiff incorporates and realleges paragraphs 1 through 123, as though fully set forth herein.

125.     In the event that the Defendant argues that the Debtor paid the Transfers to Defendant as an alleged return of capital as opposed to the repayment of a loan to Turnipseede and Sonya, the Transfers can be avoided pursuant to N.R.S. § 86.343.

126.     N.R.S. § 86.343 provides that no distribution shall be made to a Nevada limited liability company member where (a) the company would not be able to pay its debts as they came

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

1  due in the usual course of business; or (b) the company's total assets would be less than the sum

2  of its total liabilities.

3     127.    The Debtor was insolvent at the time of the Transfers, as its liabilities far exceeded

4  its assets.

5     128.    If Defendant contends the Transfers were a return of capital, then the Defendant

6  would have to be classified as a purported member of the Debtor at the time of the Transfers.

7     129.    The Debtor was unable to pay its debts as they came due in the usual course of

8  business at the time of the Transfers.

9     130.    The Debtor's total liabilities at the time of the Transfers were in excess of $5

10  million and its total assets were significantly less than its total liabilities at the time of the

11  Transfers.

12     131.    Consequently, the Debtor's total assets were less that the sum of its total liabilities

13  at the time of the Transfers to Defendant.

14     132.    An actual, ripe, and justiciable controversy has arisen and now exists between

15  Plaintiff and Defendant regarding the validity of the distribution of the Transfers to Defendant,

16  and whether Defendant received an illegal distribution in violation of N.R.S. § 86.343.

17     133.    Plaintiff requests a judicial determination pursuant to N.R.S. §§ 30.010-160,

18  inclusive, that the Transfers to Defendant constituted an illegal dividend, distribution, or payment

19  to a member of a Nevada limited liability company pursuant to N.R.S. § 86.343.

20     134.    Plaintiff additionally requests a judicial determination declaring that the Transfers

21  remain property of the Debtor's bankruptcy estate and must be returned to the Debtor's

22  bankruptcy estate for the benefit of the Debtor's creditors.

23     135.    Plaintiff desires the foregoing judicial determinations, as such relief is necessary

24  and appropriate at this time in order to resolve the adverse interests of Plaintiff and Defendant.

25     136.    Plaintiff reserves the right to supplement this Complaint to plead additional claims

26  for relief.

27  . . .

28  . . .

-16-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.      With respect to the first claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers for the benefit of Debtor's bankruptcy estate as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.180(1)(a).

2.      With respect to the second claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers for the benefit of Debtor's bankruptcy estate as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and N.R.S. Chapter 112.180(1)(b).

3.      With respect to the third claim for relief, Plaintiff respectfully requests that the Court avoid the Guarantee pursuant to 11 U.S.C. § 544(b).

4.      With respect to the fourth claim for relief, Plaintiff respectfully requests that the Court avoid the 2020 Transfer pursuant to 11 U.S.C. § 547.

5.      With respect to the fifth claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers for the benefit of Debtor's bankruptcy estate as fraudulent transfers pursuant to 11 U.S.C. § 548.

6.      With respect to the sixth claim for relief, Plaintiff respectfully requests that the Court avoid and recover the 2020 Transfers for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550.

7.      With respect to the seventh claim for relief, Plaintiff respectfully requests that the Court avoid and recover the Transfers for the benefit of Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550.

8.      With respect to the eighth claim for relief, Plaintiff respectfully requests that the Court provide a judicial determination pursuant to N.R.S. §§ 30.010-160, inclusive, that the Transfers to Defendant constituted an illegal dividend, distribution, or payment to a member of a Nevada limited liability company pursuant to N.R.S. § 86.343, and that the Transfers remain property of the Debtor's bankruptcy estate and must be returned to the Debtor's bankruptcy estate.

. . .

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

9.    For attorneys' fees and costs of suit in an amount to be determined in this Adversary Proceeding.

10.    For such other relief as this Court may deem just and proper.

Dated this 28th day of July 2023.

**HOUMAND LAW FIRM, LTD.**


By:  */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

**HOUMAND LAW FIRM, LTD.**
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371