Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: March 15, 2024*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MONEYLINE ANALYTICS, LLC,<br><br>Debtor. | Case No. BK-S-21-12443-NMC<br>Chapter 7<br><br>**MOTION TO APPROVE COMPROMISE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**<br><br>Date of Hearing:  April 16, 2024<br>Time of Hearing:  2:00 p.m.<br>Place: Courtroom No. 3, Third Floor<br>　　　　　　　　Foley Federal Building<br>　　　　　　　　300 Las Vegas Blvd., S.<br>　　　　　　　　Las Vegas, NV 89101<br><br>Judge: Honorable Natalie M. Cox[1] |

Shelley D. Krohn (the "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, by and through her counsel, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Motion to Approve Compromise Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").

The Motion is based on the following Memorandum of Points and Authorities and the *Declaration of Shelley D. Krohn In Support of the Motion to Approve Compromise Pursuant to*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

*Federal Rule of Bankruptcy Procedure 9019* (the "Trustee Declaration"), which is filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Motion is also based on the pleadings and papers on file herein, the *Ex Parte Motion to File Settlement Agreement Under Seal Pursuant to 11 U.S.C. § 107(b), Federal Rule of Bankruptcy Procedure 9018 and Local Rule 9018* (the "Motion to Seal"), and any argument that may be entertained at the hearing on the Motion.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Prior to the filing of a bankruptcy petition by Moneyline Analytics, LLC (the "Debtor"), Robert Schuerger (the "Defendant") received certain transfers from the Debtor. The Debtor received "investments" from third parties that were intended to be used in gambling activities to generate profits. The Trustee asserts that the Debtor was operating a Ponzi scheme.

The Defendant received transfers in the total amount of $625,000.00 (the "Transfers"). This amount included the return of $344,498.00 of principal invested with the Debtor and $280,502.00 of alleged gains from that investment. The Trustee contends that the Transfers can be avoided and recovered for the benefit of creditors pursuant to Sections 544(b) and 548 and applicable state law. The Defendant disputes the Trustee's allegations and the Parties[3] have entered into a settlement agreement (the "Settlement Agreement") whereby the Defendant will pay the Trustee the sum of $95,000.00 (the "Settlement Sum"). The Settlement Sum will be paid to the Trustee over a period of ten (10) months. The Defendant will also withdraw a proof of claim filed by his affiliated entity, Buggy Holdings, LLC ("Buggy Holdings") in the amount of $479,000.00, thereby increasing the amount available to distribute to other general unsecured creditors. The Settlement Sum is approximately thirty-four percent (34%) of the net gain the Defendant realized by way of the Transfers, not including the withdrawal of the claim filed on

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Federal Rule of Evidence 201, incorporated by reference by FRBP 9017.

[3] The Trustee and the Defendant shall be referred to as the "Parties".

behalf of Buggy Holdings. The Motion to Seal that is filed contemporaneously with this Motion will seek authority to file the Settlement Agreement under seal due to a confidentiality provision. This Motion seeks approval of the Settlement Agreement and the Modification pursuant to FRBP 9019.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in the Motion is FRBP 9019.

## III. STATEMENT OF FACTS

1. On May 13, 2021, the Debtor filed a voluntary bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code [ECF No. 1].[4]

2. On May 13, 2021, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case [ECF No. 3].

3. During the Trustee's investigation of the Debtor's financial affairs, she discovered that the Defendant received the Transfers.

4. On August 31, 2023, the Trustee commenced the litigation captioned *Krohn v. Schuerger, et al.* (Case Number BK-S-23-01124-NMC) (the "Adversary Case") by filing a complaint (the "Complaint") against the Defendant in United States Bankruptcy Court, District of Nevada that sought to avoid and recover the Transfers pursuant to 11 U.S.C. §§ 544, 548, and 550, as well as N.R.S. §§ 30.010-160 and N.R.S. § 86.343.

5. The Complaint alleges the following claims for relief against the Defendant: (1) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(a);

---

[4] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

-3-

(2) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. 544(b) and NRS Chapter 112.180(1)(b); (3) Avoidance of Fraudulent Transfer Pursuant to 11 U.S.C. § 548; (4) Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. § 550; and (5) Declaratory Relief Pursuant to N.R.S. §§ 30.010-160 and N.R.S. § 86.343.

6. On October 31, 2023, the Defendant filed an *Answer* to the Complaint [Adv. ECF No. 13] (the "<u>Answer</u>").

7. On February 22, 2024, the Trustee and the Defendant participated in a court-ordered settlement conference with the Honorable Christopher Jaime. During this settlement conference, the Trustee and the Defendant agreed to settle all disputes between themselves.

8. The Trustee and the Defendant have entered into the Settlement Agreement that memorializes the settlement agreed to at the February 22, 2024 settlement conference. Pursuant to the Terms of the Agreement, the Trustee will file the Motion to Seal, seeking authority to file a true and correct copy of the Settlement Agreement under Seal with the Court. Notwithstanding the confidentiality provision in the Settlement Agreement, the Trustee was authorized to describe the principal terms of the Settlement Agreement in this Motion.

9. The principal terms of the Settlement Agreement are outlined below[5]:

    a. In consideration of a resolution of the dispute concerning the Transfers, the Defendant shall pay the Trustee the Settlement Sum ($95,000.00). The Settlement Sum shall be paid to the Trustee in monthly payments of $9,500.00 over a period of ten (10) months.

    b. The Trustee and the Defendant shall provide one another with mutual releases. The release provided by the Defendant shall prohibit him from filing a proof of claim pursuant to 11 U.S.C. § 502(h) in the Debtor's bankruptcy case. The Defendant further agrees to withdraw all proofs of claims filed by or in the name of Buggy Holdings.

. . .

---

[5] The description of the Settlement Agreement set forth herein and in the Trustee Declaration is a summary only and does not modify or otherwise affect the terms of the Settlement Agreement. To the extent of any conflict between the Settlement Agreement and the description set forth herein, the Settlement Agreement shall control. Capitalized terms used but not defined herein shall have the meaning set forth in the Settlement Agreement.

-4-

HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240 Las Vegas, NV 89148
Telephone: (702) 720-3370 Facsimile: (702) 720-3371

10. The Trustee and the Defendant have negotiated and reached the Settlement Agreement in good faith.

11. The Trustee now files this Motion to obtain court approval of the Settlement Agreement pursuant to FRBP 9019.

### IV.    LEGAL ARGUMENT

The Bankruptcy Court may approve a compromise or settlement between a debtor and another party pursuant to Fed. R. Bankr. P. 9019(a), which provides the following:

> Compromise.  On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019(a).

Compromise and settlement agreements have long been an inherent component of the bankruptcy process. The Ninth Circuit recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). Accordingly, in approving a settlement, the Court need not conduct an exhaustive investigation of the claims sought to be compromised. *See United States v. Alaska National Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986). The proponent of the settlement must also persuade the court that the settlement is in the best interests of the estate. *See Goodwin v. Mickey Thompson Entertainment Group. (In re Mickey Thompson Entertainment Group, Inc.)*, 292 B.R. 415, 420–21 (B.A.P. 9th Cir. 2003). It is within the sound discretion of the bankruptcy court whether to accept or reject a compromise. *See In re Carson,* 82 B.R. 847 (Bankr. S.D. Ohio 1987).

The Ninth Circuit has identified the following factors for consideration in determining whether a settlement is reasonable, fair, and equitable:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d at 1381. The moving party is not required to satisfy each of these factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas & Electric Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). In considering the factors, "a precise determination of the likely outcome is not required, since an exact judicial determination of the values at issue would defeat the purpose of compromising the claim." *In re Telesphere Comm's, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal quotations omitted). Thus, rather than determining various issues of fact and law, the Court should "canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re Lion Capital Group*, 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985) (internal quotations omitted).

**B.    The Settlement Agreement Is Fair and Equitable**

    1.    <u>The Probability of Success in the Litigation</u>

The Trustee believes that she would be successful in litigation against the Defendant. The Trustee's analysis of the Debtor's finances suggests that the Debtor was operating as a "Ponzi Scheme" wherein fictitious gains would be paid to investors out of funds obtained from new investors.[6] The Trustee asserts that the fact that the Debtor was operating a ponzi scheme allows her to recover the Transfers because they were made in the furtherance of the Debtor's scheme that defrauded the Debtor's creditors. *Bear Stearns Secs. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, 8 (S.D.N.Y. 2007) (quoting *Gredd v. Bear Stearns Secs. Corp. (In re Manhattan Fund Ltd.)*, 359 B.R. 510, 517–18 (Bankr. S.D.N.Y .2007)); *see also Picard v. Merkin (In re Bernard L. Madoff Inv. Secs. LLC)*, 440 B.R. 243, 255 (Bankr. S.D.N.Y. 2010) ("It is now well-recognized that the existence of a Ponzi scheme establishes that transfers were made with the

---

[6] Notably, the Debtor's principal, Matthew Turnipseede, has been indicted and faces criminal trial in connection with his operation of the Debtor, and other entities. That matter, *United States of America v. Turnipseede*, Case No. 1:22-cr-00450-CAB, United States District Court, Northern District of Ohio, Eastern Division, is currently pending.

intent to hinder, delay and defraud investors.") (citing cases); *Rieser v. Hayslip (In re Canyon Sys. Corp.*), 343 B.R. 615, 637 (Bankr. S.D. Ohio 2006) (stating that "bankruptcy [and other] courts nationwide have recognized that establishing the existence of a Ponzi scheme is sufficient to prove a Debtor's actual intent to defraud") (citation omitted). "If the Ponzi scheme presumption applies, actual intent for purposes of section 548(a)(1)(A) is established as a matter of law." *McHale v. Boulder Capital LLC (In re The 1031 Tax Grp.*), 439 B.R. 47, 72 (Bankr. S.D.N.Y. 2010) (citation and internal quotation marks omitted). Under the Ponzi Scheme presumption, the Trustee may seek to recover the profit or gain, but not the return of original advances, if the other elements of a fraudulent transfer are proven, to provide some element of equitable distribution. *E.g.*, *Donell v. Kowell*, 533 F.3d 762, 770 (9th Cir. 2008), *citing Scholes v. Lehmann*, 56 F.3d 750, 757-58 (7th Cir. 1995), and *see also In re Slatkin*, 525 F.3d 805, 814–15 (9th Cir. 2008).

While the Trustee believes she would be successful in any litigation, the Trustee would be limited to recovery of the purported profits realized by the Defendant. The Defendant asserts that he is in fact a "net loser" with respect to the Debtor because he lost additional investment funds under the auspices of Buggy Holdings. The Trustee asserts that the doctrine of Alter Ego is remedial, and not defensive, and thus the Defendant is unable to utilize a defensive alter ego defense. *See 1 Fletcher Cyclopedia on the Law of Private Corporations* § 41.10 (2017). The Defendant disputes the Trustee's position and contends that he will vigorously defend the litigation. The Trustee recognizes that there is always the prospect of uncertainty, and the Defendant could persuade a finder of fact to accept this novel defense. Further, the Defendant has agreed to withdraw the proof of claim filed by Buggy Holdings, which will substantially increase the funds available to distribute to unsecured creditors. Consequently, the Trustee believes that this factor militates in favor of approval of the Settlement Agreement.

    2.    <u>The Difficulties in Matter of Collection</u>

The Defendant's resources and ability to satisfy a judgment are unknown. It is entirely possible that if the Trustee were to seek the full amount of the Transfers and win, that the Defendant would file his own bankruptcy and would be able to utilize exemptions to prevent

collection of any judgment obtained by the Trustee. Accordingly, this factor weighs in favor of approval of the Settlement Agreement.

    3.    <u>The Complexity of the Litigation Involved and the Expense, Inconvenience and Delay</u>

Any litigation concerning the Transfers would be fact-intensive and require a trial on the merits and result in the Debtor's bankruptcy estate incurring significant attorneys' fees and costs, which would reduce any ultimate recovery for the Debtor's creditors. In addition to factual issues, the dispute with the Defendant would likely be the subject of multiple appeals if the Trustee was successful, which would only serve to increase administrative expenses. Administrative expenses would only reduce the ultimate recovery for the Debtor's unsecured creditors. The Settlement Agreement avoids these expenses and results in guaranteed payment to the Debtor's bankruptcy estate and the withdrawal of a substantial proof of claim, thereby increasing the funds available to distribution to other creditors. As such, the Trustee believes this factor weighs in favor of approval of the Settlement Agreement.

    4.    <u>The Paramount Interest of the Creditors</u>

The Settlement Agreement is in the best interests of creditors because it will result in the payment of the Settlement Sum to the Debtor's bankruptcy estate without engaging in extensive litigation. The payment of the Settlement Sum avoids the uncertainty and expense that would be associated with protracted litigation and increases the percentage of recovery which will be available for other creditors. As a result, this factor weighs in favor of approval of the Settlement Agreement.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order: (i) approving the Settlement Agreement pursuant to FRBP 9019 and (ii) for such other and further relief as is just and proper.

Dated this 15th day of March, 2024.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Bradley G. Sims*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:   702/720-3370
Facsimile:     702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*